```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA

SCOTT G. WOLFE, SR., ET AL                    CIVIL ACTION

VERSUS                                        NO: 06-4928

FIDELITY NATIONAL INSURANCE                   SECTION: J(5)
COMPANY, ET AL
```

### ORDER AND REASONS

Before the Court is Defendants' **Motion for Partial Judgment on the Pleadings (Rec. Doc. 45)**.  Defendants seek a dismissal of all of Plaintiffs' extra-contractual claims, including but not limited to claims under state and federal common law, for bad faith handling of Plaintiffs' claims as well as penalties, attorney's fees, and interest.

This motion, which is opposed, is set for hearing on January 9, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should be granted in part and denied in part.

### Background Facts

Defendants are Write-Your-Own ("WYO") Program Carriers participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act

("NFIA"), appearing in their fiduciary capacity as fiscal agents of the United States.  Defendants issued a Standard Flood Insurance Policy ("SFIP") to Plaintiffs covering their property which sustained damage due to Hurricane Katrina.  Upon Defendants' refusal to pay Plaintiffs full benefits under the SFIP, Plaintiffs filed suit.

## The Parties' Arguments

According to Defendants, all extra-contractual claims[1] arising in the context of NFIP claims disputes are barred and preempted by federal constitutional, statutory, and regulatory law, as well as by Supreme Court precedents.  See Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005).  Additionally, no implied or specific "federal common law" cause of action exists to pursue extra contractual claims under the SFIP.  Wright v. Allstate, 500 F.3d 390 (5th Cir. 2007).

Defendants specifically state that attorney's fees and judicial interest are not recoverable in a suit arising out of a contract issued pursuant to the NFIA as any state statutory law permitting such recovery is preempted by federal law.  In Hanover Building Materials, Inc. v. Guiffrida, the Court determined that

---

[1] The extra-contractual claims asserted by Plaintiffs include: (1) bad faith under La. Rev. Stat. 22:1220; (2) bad faith under La. Civil Code art. 1994 and 1997; (3)  failure to initiate loss adjustment under La. Rev. Stat. 22:658; (4) miscellaneous breaches of duties; and (5) NFIA Flood Insurance Regulations issued by insurer and federal common law.  In other words, Defendants seek dismissal of Plaintiffs' claims seeking damages under state and federal common law, as well as Plaintiffs' demands for punitive damages, attorney's fees, costs, interest, and additional relief.

2

in disputes arising under the NFIA, federal law rather than state law governs the award of attorney's fees. 748 F.2d 1011, 1015 (5th Cir. 1984). As to judicial interest, Defendants cite Newton v. Capital Assurance Co., Inc. for the proposition that prejudgment interest awards against WYO companies are direct charges on the public treasury forbidden by the no-interest rule. 245 F.3d 1306, 1312 (11th Cir. 2001). Further, in Sandia Oil Co, Inc. v. Beckton, the Court specifically held that post-judgment interest is not recoverable in a claim under the flood insurance policy. 889 F.2d 258, 264 (10th Cir. 1989).

In opposition, Plaintiffs argue that La. Rev. Stat. 22:658 and 22:1220 are not preempted by federal law and/or the NFIP. Plaintiffs also ask this Court to use its inherent equitable authority to find that Defendants acted wantonly by forcing this litigation to commence. As such, Plaintiffs ask this Court to use its equitable powers to award attorneys fees as an exception to the "American Rule." See Illinois Central Gulf RR Co. v. Delta Millwork, Inc., 802 F.2d 156 (5th Cir. 1986); see also Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co., No. 06-4793, 2007 WL 2265036 (E.D. La. April 3, 2007) (finding that the NFIP does not preclude a federal district court from exercising its inherent authority when it determines that a litigants' misconduct rises to the level of wanton or vexatious litigation). Alternatively, Plaintiffs seek an award of reasonable attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d), should this Court find, after trial, that

Defendants' denial of Plaintiffs' claims was not substantially justified.

## Discussion

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).  Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004).  As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.  Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

For the reasons stated in Wright v. Allstate Ins. Co., 415 F.3d 384 (5th Cir. 2005) and Wright v. Allstate, 500 F.3d 390 (5th Cir. 2007), all extra-contractual claims, both state and federal, arising in the context of NFIP claims disputes are preempted and barred by federal law.  Likewise, post-judgment interest is not available on the judgment, since the federal government's role in a flood claim is so prominent that the award of post-judgment interest is likely barred by sovereign immunity.  Dwyer v. Fidelity National Property and Casualty Ins. Co., No.

06-4793, Doc. 46 at *12 (E.D. La. May 24, 2007) (Barbier, J.).

However, for the reasons stated in Dwyer, attorney's fees are potentially available under the EAJA as a WYO Company is considered an "instrumentality of the executive branch of the Federal Government," that is to say, suits against WYO Companies are suits against the United States. Id. at *13-14. Whether or not a WYO company is the "general agent" of FEMA, it represents FEMA when it defends lawsuits and when it administers the flood program. Id. at *12. Therefore, the possibility of Plaintiffs recovering attorneys fees is not foreclosed. As a result, this Court finds that Defendants' motion should be granted in part and denied in part, leaving only Plaintiffs' breach of contract claim and the possibility of recovery of attorney's fees. Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Partial Judgment on the Pleadings (Rec. Doc. 45)** is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 7th day of January, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5